AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Columbia

UNITED STATES OF AMERICA
v.
CARLSON M. IGWACHO

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 14CR30-06

USM Number: 33508-016

Tony W. Miles, Esquire
Defendant's Attorney

FILED
JUN 10 2016
Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

## THE DEFENDANT:

☑ pleaded guilty to count(s) Two (2) of the Superseding Indictment filed on 12/18/2014.

☐ pleaded nolo contendere to count(s) ____ which was accepted by the court.

☐ was found guilty on count(s) ____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1347 and 2 | Health Care Fraud - Fraudulent Billings and Aiding and Abetting and Causing an Act to be Done. | February 2014 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ____

☑ Count(s) remaining Counts ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/9/2016
Date of Imposition of Judgment

Beryl A. Howell
Signature of Judge

Beryl A. Howell U.S. District Chief Judge
Name and Title of Judge

June 9, 2016
Date

DEFENDANT: CARLSON M. IGWACHO
CASE NUMBER: 14CR30-06

# PROBATION

The defendant is hereby sentenced to probation for a term of :

EIGHTEEN (18) MONTHS on Count 2.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CARLSON M. IGWACHO
CASE NUMBER: 14CR30-06

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

Special Assessment - The defendant shall pay a $100.00 Special Assessment. The Special Assessment shall be due immediately and shall be payable to the Clerk of the Court for the United States District Court for the District of Columbia.

Restitution Obligation - The defendant shall pay restitution in the amount of $234,748.88, for which he is jointly and severally liable for payment with the following defendants in docket number 14cr30: Berenice Igwacho, Irene Igwacho, Elvis Atabe, Melissa Williams, Florence Bikundi, and Michael Bikundi, Sr., and the defendant in docket number 14cr216: Nicola C. White. The total amount paid to the DC Department of Health Care Finance from the specified defendants shall not exceed $80,620,929.20. Restitution payments shall be made to the Clerk of the Court for the United States District Court for the District of Columbia for disbursement to the victim, DC Department of Health Care Finance, One Judiciary Square, 441 4th Street, NW, Suite 1000 S, Washington, DC 20001.

Change of Address - Within 30 days of any change of address, the defendant shall notify the Clerk of the Court for the United States District Court for the District of Columbia, of the change until such time as the financial obligation is paid in full

DEFENDANT: CARLSON M. IGWACHO
CASE NUMBER: 14CR30-06

# SPECIAL CONDITIONS OF SUPERVISION

Alcohol Treatment - The defendant shall participate in, and successfully complete, an alcohol aftercare treatment program, which may include breathalyzer testing and detoxification service, as approved and directed by the Probation Office.

Substance Abuse Testing - The defendant shall submit to substance abuse testing as approved and directed by the Probation Office.

Location Monitoring - The defendant shall be monitored by Radio Frequency and shall abide by all technology requirements for a period of 60 days. The defendant shall maintain a curfew from 10:00 p.m. to 5:00 a.m., unless he obtains the approval of the Probation Office. The Court finds that the defendant does not have the ability to pay both restitution and the cost of location monitoring based upon his financial profile; therefore, the Court waives the costs of electronic monitoring. Radio Frequency location monitoring technology is ordered to monitor the following restrictions on the defendant's movement in the community as well as other court-imposed conditions of release: The defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer.

Restitution Obligation - The defendant shall pay the balance of any restitution owed at a rate of no less than $200.00 each month and provide verification of same to the Probation Office.

Financial Disclosure - The defendant shall provide the Probation Office with his income tax returns, authorization for release of credit information, and information about any business or finances in which he has a control or interest until all restitution is satisfied.

Financial Restrictions -The defendant is prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the Probation Office.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court. Treatment agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment.

Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedures, the defendant, Carlson M. Igwacho, is ordered to forfeit all rights, title and interest in all assets, which are subject to forfeiture, specifically including a money judgment for the sum of 234,746.88, for which the defendant is jointly and severally liable with the co-defendants in this case and the defendant in case 14cr216. (Amended Consent Order of Forfeiture attached).

DEFENDANT: CARLSON M. IGWACHO
CASE NUMBER: 14CR30-06

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 234,746.88 |

☐ The determination of restitution is deferred until ________ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| DC Department of Health Care Finance<br>One Judiciary Square<br>441 4th Street, NW<br>Suite 1000 S<br>Washington, DC 20001 | | $234,746.88 | |
| **TOTALS** | $ 0.00 | $ 234,746.88 | |

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the ☐ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: CARLSON M. IGWACHO
CASE NUMBER: 14CR30-06

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Any restitution payment made by defendant Carlson M. Igwacho shall be credited toward his individual restitution obligation of $234,746.88 and toward the total amount of $80,620,929,20 that the DC Department of Health Care Finance can recover. If the balance remaining on the total amount that the DC Department of Health Care Finance can recover becomes less than the restitution balance owed by any other defendant, then the other defendant's restitution balance shall also be credited to ensure that the other defendant's balance does not exceed the total remaining amount that the DC Department of Health Care Finance can recover.

DEFENDANT: CARLSON M. IGWACHO
CASE NUMBER: 14CR30-06

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

☐ not later than ______________, or
☑ in accordance ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within ________ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay a $100.00 special assessment and $234,746.88 restitution. The Clerk shall disburse the restitution amount to the victim, DC Department of Health Care Finance. The defendant shall make restitution payments at a rate of no less than $200.00 per month and provide verification of same to the Probation Office.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

The defendant shall pay restitution in the amount of $234,746.88, for which he is jointly and severally liable for payment with the following defendants in docket number 14cr30: Berenice Igwacho, Irene Igwacho, Elvis Atabe, Melissa Williams, Florence Bikundi, and Michael Bikundi, Sr.; and the defendant in docket number 14cr216: Nicola C. White.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

All rights, title and interest in all assets, which are subject to forfeiture, specifically including a money judgment for the sum of 234,746.88, for which the defendant is jointly and severally liable with the co-defendants in this case and the defendant in case 14cr216. (Amended Consent Order of Forfeiture attached).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.